PROSKAUER ROSE LLP
Lawrence R. Sandak
Edna D. Guerrasio
One Newark Center
Newark, New Jersey 07102-5211
P: (973) 274-3200
F: (973) 274-3299
lsandak@proskauer.com
eguerrasio@proskauer.com

*Attorneys for Plaintiff*
*Hermés of Paris, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
X

| | |
|---|---|
| HERMÉS OF PARIS, INC.,  Petitioner, - against - MATTHEW SWAIN,  Respondent. | **PETITION TO COMPEL ARBITRATION AND ENJOIN PENDING STATE COURT ACTION PURSUANT TO SECTION 4 OF THE FEDERAL ARBITRATION ACT AND THE ANTI-INJUNCTION ACT** |

-------------------------------------------------------------------
X

Petitioner Hermés of Paris, Inc. ("Petitioner" or "Hermés"), by and through its attorneys, Proskauer Rose LLP, brings this Petition pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, to compel arbitration of the employment claims of Respondent Matthew Swain ("Respondent" or "Swain") in accordance with the agreement he executed during his employment.  For this Petition, Hermés alleges as follows:

NATURE OF THE ACTION

1. This Petition is brought, *inter alia*, pursuant to Section 4 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, and the Anti-Injunction Act, 28 U.S.C. § 2283, to compel arbitration

and enjoin a state court action brought in derogation of the FAA. On July 19, 2016, Respondent Swain filed a five count complaint (the "Complaint," attached to the Declaration of Lawrence R. Sandak[1] as Exhibit A) in New Jersey Superior Court against Hermés, one of its employees, Lorenzo Bautista ("Bautista"), and various unidentified corporate entities and individuals, alleging sexual orientation discrimination, retaliation, hostile work environment and individual supervisor liability under the New Jersey Law Against Discrimination, as well as breach of contract under New Jersey common law. The Complaint contains allegations arising out of and pertinent to Swain's employment with Hermés which began on July 31, 2015 and ended on November 6, 2015. Shortly after his hire, Swain executed an agreement (the "DRP Agreement") to abide by a Dispute Resolution Procedure ("DRP") culminating in mandatory arbitration of all legal and equitable claims arising out of his employment that were not resolved through voluntary participation in internal discussions or external mediation. The claims which Swain asserts in his New Jersey state court action are covered by the DRP.

## THE DISPUTE RESOLUTION AGREEMENT

2.     The DRP Agreement between Swain and Hermés provides for a three-step process. In Step 1, employees who have a complaint or concern can have a discussion with their supervisors or Human Resources. If that step fails to resolve the issue or the employee does not avail himself of that option, in Step 2, either the employee or Hermés can initiate mediation before an independent, neutral mediator from the American Arbitration Association ("AAA"). The costs and fees of the mediation are paid for by Hermés. If a dispute cannot be resolved through AAA mediation, either the employee or Hermés can initiate Step 3, which is final and binding

---

[1] All Exhibits referenced herein are attached to the Declaration of Lawrence R. Sandak, dated August 5, 2016, submitted herewith and incorporated herein by reference.

arbitration before the AAA in the City of New York.  The DRP Agreement states, in pertinent part:

> If a dispute cannot be resolved through mediation, either you or [Hermés] may initiate final and binding arbitration. . . (*Ex. B*, p. 2.)

> * * *

> The dispute will be resolved by a single arbitrator, to be held in [the] City, State and County of New York unless you and the Company agree otherwise.  Applicable AAA Employment Arbitration Rules shall apply except as otherwise specified in this agreement. (*Id.*)

> * * *

> This Dispute Resolution Procedure remains applicable even if you are no longer employed by [Hermés] at the time you assert a claim.  By signing below, you agree (i) to mediate; and (ii) to arbitrate, with arbitration being the sole, exclusive and final forum for any remedy.  You acknowledge you are waiving any right you may have to a court or jury trial.  (*Id.*)
> * * *

> Your signature below indicates your understanding and acceptance of this Dispute Resolution Procedure…. Either you or [Hermés] may file a request with a court for injunctive relief to enforce this Dispute Resolution Procedure.  New York law shall apply to this agreement. (*Id.* p. 3.)

3. The DRP, by its terms, is applicable to claims made against Hermés "and its … employees."  (*Id.* p. 5.)

4. The broadly-worded "Disputes Covered" provision encompasses "all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between [Swain] and [Hermés]…." (*Id.*)

5. Covered disputes expressly include,

> all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between you and [Hermés] … and

>its employees … arising out of or related to: (i) the terms and conditions of your employment with, or separation from [Hermés] … ; (ii) any agreements (written or oral) now in existence or that may come into existence in the future between you and [Hermés] …; (v) claims arising from or related to alleged discrimination, harassment, or retaliation in employment (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition) under any federal, state and/or other governmental law, statue, regulation, and/or ordinance…; (vi) any claims relating to leaves of absence, benefits, or compensation or post-termination benefits under federal, state and local laws…  (*Id.* p. 5)

6. Swain signed the DRP Agreement on August 28, 2015.  (*Id.* p. 4)

7. Directly above Swain's signature line are the following words, in bold print:

"**Your signature means that you have read this agreement, understand it and are voluntarily entering into it.**"  (*Id.*)

8. Despite the parties' explicit agreement to arbitrate all unresolved claims arising out of Swain's employment, on July 19, 2016, he filed suit in the Superior Court of New Jersey, Law Division, Essex County, captioned *Matthew Swain v. Hermés of Paris, Lorenzo Bautista, Individually; ABC Corporation(s) 1-5; and John and/or Jane Doe(s) 1-5*, and bearing Docket No. L-4996-16, alleging claims of sexual orientation discrimination, hostile work environment, retaliation, individual supervisor liability and breach of contract.  (*Ex. A*)

9. Hermés has filed the instant Petition to seek relief from this Court because (i) this Court alone has the authority to compel arbitration in New York City under the Federal Arbitration Act and in accordance with the parties' agreement and to enjoin the pending New Jersey state court action, and (ii) under the terms of the DRP Agreement New York law applies.

## THE PARTIES

10. Petitioner Hermés, an entity engaged in "commerce" as defined in the FAA §1, is a limited liability corporation, with its United States headquarters in New York, New York.

11. Respondent Swain is a New Jersey resident who was employed by Hermés in one of its New Jersey retail locations.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as Swain is seeking compensatory damages, including back pay, front pay, bonus compensation, emotional distress damages, and aggravation of preexisting condition damages, as well as punitive damages.

13. This Court also has jurisdiction over this action pursuant to 9 U.S.C. § 4, which provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

14. Venue is proper in this Court because Hermés' United States' headquarters is located in New York, New York, and the DRP Agreement provides for binding arbitration in the City of New York.

## FACTUAL ALLEGATIONS

15. Swain became employed by Hermés on or about July 31, 2015.

16. On August 28, 2015, Swain entered into the DRP Agreement with Hermés which

5

required the parties to arbitrate in the City of New York, all unresolved claims arising out of or relating to Swain's employment with Hermés.  (*Ex. B,* p. 5.)

17. Approximately two months later, on November 6, 2015, Swain's employment was terminated.

18. Approximately eight months later, in July 2016, Swain threatened litigation against Hermés and sent the company a draft complaint. *(Ex. C.)*

19. Upon receipt of the draft complaint, Hermés sent Swain a copy of the DRP Agreement and reminded him of his obligations thereunder.  (*Id.*)

20. On July 18, 2016, counsel for the parties discussed their mutual desire to attempt to resolve Swain's claims through mediation.  Hermés therefore notified Swain that it intended to commence AAA mediation under the terms of the DRP.  (*Ex. C.*)

21. On July 19, 2016, Hermés initiated mediation with the AAA by mailing a mediation submission form that was received by the AAA on July 20, 2016.  (*Ex. E*)

22. On the same day, July 19, 2016, Swain filed the Complaint in New Jersey Superior Court, bearing Docket No. L-4996-16, alleging claims of discrimination, harassment, retaliation and individual supervisor liability under the New Jersey Law Against Discrimination, as well as breach of contract under New Jersey common law.  (*Ex. A*)

23. The statutory discrimination and common law claims pled in the New Jersey state court action arise out of Swain's employment with Hermés.

24. By the plain terms of the DRP agreement, the claims in the Complaint are subject to mediation and, if mediation fails, must be arbitrated before a AAA arbitrator in the City of New York, in accordance with the Employment Arbitration Rules of the AAA.  (*Ex. B,* p. 2.)

25. Upon contact from the AAA on July 26, 2016, to start the mediation process,

Swain's counsel responded that, "absent a court order to the contrary, we are not a party to this purported mediation." (*Ex. D*)

26. Swain's counsel notified Hermés of the filing in an e-mail, in which he similarly stated that, "Swain never agreed to any alternate dispute resolution of his LAD claims" and insisted that "[t]he NJ Superior Court is where [Swain's] LAD claims will be decided pursuant to his constitutional right to a jury trial." Swain's counsel also stated that the DRP Agreement, "makes no mention of anti-discrimination laws." (*Ex. C*)

27. Hermés counsel informed the AAA that it was "ready, willing and able to participate in" the mediation. Since this dispute cannot be resolved through mediation, however, due to Swain's refusal to participate, it must proceed to final and binding arbitration. (*Ex. D*)

## FIRST CLAIM
(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)

28. Petitioner Hermés repeats and realleges the allegations set forth in Paragraph 1 through 27 above as if fully set forth herein.

29. The DRP Agreement is a valid and enforceable contract, knowingly and voluntarily signed by both parties in August 2015.

30. As part of his agreement to the DRP, Swain agreed to arbitrate before the AAA in the City of New York, all claims arising out of his employment with Hermés.

31. The claims brought by Swain in New Jersey state court, claims of discrimination, hostile environment, retaliation, individual supervisor liability and breach of contract against Hermés and Bautista, fall within the scope of the DRP Agreement and must be arbitrated.

32. Pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, this Court has authority to compel Respondent to arbitrate all claims brought in the Complaint, or that could be

brought by Swain against Hermés and its employees, in accordance with the DRP Agreement and the Court should issue such an order.

## SECOND CLAIM
(Order Enjoining New Jersey State Court Action Pursuant to 28 U.S.C. 2283)

33. Petitioner Hermés repeats and realleges the allegations set forth in Paragraph 1 through 32 above as if fully set forth herein.

34. Despite the DRP Agreement to arbitrate all claims arising out of Swain's Hermés employment, Swain instituted a New Jersey state court action. Absent an order enjoining the New Jersey state court action, Hermés will be forced to defend itself in the state court action while simultaneously arbitrating the same disputed claims.

35. Pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283 and the court's inherent equitable powers, this Court has authority to enjoin the New Jersey state court action while the parties arbitrate before the AAA in the City of New York, all claims arising out of Swain's employment with Hermés in accordance with the DRP Agreement. The Court should issue such an injunction.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Hermés requests that:

36. The Court issue an Order, pursuant to Section 4 of the Federal Arbitration Act, compelling the arbitration, in the City of New York, of all claims in the Complaint against Hermés, Bautista, and any other subsequently named entity or person to whom the DRP Agreement applies, before a mutually selected AAA arbitrator, in accordance with the Employment Arbitration Rules of the AAA, as well as any and all other claims that could be brought against Hermés by Swain.

37. The Court issue an Order enjoining the New Jersey state court action pending the parties' AAA arbitration.

38. The Court grant any other relief that it deems just and proper.

Dated: Newark, New Jersey
August 5, 2016

                              PROSKAUER ROSE LLP
                              Attorneys for Plaintiff

                              By: */s/ Lawrence R. Sandak*
                                  Lawrence R. Sandak
                                  Edna D. Guerrasio
                                  One Newark Center
                                  Newark, New Jersey  07102-5211
                                  (973) 274-3200
                                  lsandak@proskauer.com
                                  eguerrasio@proskauer.com