# Exhibit C

```
From:     Chris <chager@n-blaw.com>
To:       Gail WHEELER/US/HERMES@HERMES,
Date:     07/19/2016 04:42 PM
Subject:  Re: Matthew Swain v. Hermes of Paris, Inc. et al
```

Ms. Wheeler, you know your email to me today wasn't confirming our telephone conversation yesterday, or any communication we have had. In fact, your correspondence is the opposite of our discussions, which have reiterated the fact that Matthew Swain never agreed to any alternate dispute resolution of his LAD claims.

Hermès attempt to compel mediation - which isn't recognized in any statute or case - is fatally flawed and will not be forced onto Mr. Swain. His lawsuit has been filed and will be served in due course. The NJ Superior Court is where his LAD claims will be decided pursuant to his constitutional right to a jury trial.

Thank you -

Chris

Sent from my iPhone

On Jul 19, 2016, at 4:26 PM, Gail WHEELER <Gail.WHEELER@hermesofparis.com> wrote:


Dear Mr. Hager. This will confirm our telephone conversation yesterday July 18, 2016 where I advised you that Hermes will initiate mediation in accordance with the terms of the dispute resolution letter signed by your client Matthew Swain. Attached you will find the completed AAA Request for Mediation form and materials that are being simultaneously transmitted to AAA.

Thank you.
<mime-attachment.gif>

1

From: "Christopher Hager" <chager@n-blaw.com>
To: Gail WHEELER/US/HERMES@HERMES,
Date: 07/18/2016 09:35 AM
Subject: FW: Matthew Swain v. Hermes of Paris, Inc.

---

Ms. Wheeler, thank you for sending the documents as we discussed.

We do not agree with your interpretation of this letter, which purports to contain a voluntary procedure, makes no mention of anti-discrimination laws and, specifically, the New Jersey Law Against Discrimination, among other deficiencies it has under NJ law.

We intend to move forward. If your client and you would like to mediate the dispute, please contact me so we can discuss.

Chris


Christopher W. Hager, Esq.
Niedweske Barber Hager, LLC
98 Washington Street
Morristown, NJ  07960

<mime-attachment.jpg>

*Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney*

Phone – (973) 401-0064, x104
Fax    - (973) 401-0061


THE INFORMATION CONTAINED IN THIS EMAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE. This message may be an Attorney-Client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution, or copying of the message is strictly prohibited. If you have received this transmission in error, please destroy this transmission and notify us immediately by telephone and/or reply email. IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matters addressed herein.


**From:** Gail WHEELER [mailto:Gail.WHEELER@hermesofparis.com]
**Sent:** Monday, July 18, 2016 9:19 AM
**To:** chager@n-blaw.com
**Subject:** Matthew Swain v. Hermes of Paris, Inc.


Dear Mr. Hager. Following up on our telephone conversation from last week, attached you will find the Alternate Dispute Resolution letter between Mr. Swain and Hermes (the "ADR").

As you will see, your client, who worked for Hermes of Paris, Inc., a New York corporation, for approximately 90 days, voluntarily signed the ADR as part of his new hire package.  Mr. Swain agreed to mediate any disputes, and if necessary, arbitrate any claims he may have against the Company.  Mr. Swain expressly waived any right to seek court intervention or have a jury trial and agreed to New York law.   Either party has the right to initiate mediation under the ADR and we

intend to initiate mediation in accordance with the provisions of the ADR to see if Mr. Swain's claims may be amicably resolved.

It is not the purpose of this email to respond to all of the allegations set forth in your letter or the draft complaint which we believe have no merit. This email is being delivered without prejudice to and without waiving any rights or defenses all of which are expressly reserved.

We look forward to hearing from you.

Thank you.
[attachment "Matthew Swain Signed Arbitration Agreement 8.28.15.pdf" deleted by Gail WHEELER/US/HERMES] <mime-attachment.gif>
<img-719123647-0001.pdf>

3