AMERICAN ARBITRATION ASSOCIATION
EMPLOYMENT ARBITRATION TRIBUNAL

MATTHEW SWAIN,

          Claimant,

v.

HERMES OF PARIS, INC. and LORENZO
BAUTISTA,

          Respondents.

Case No.: 01-19-0001-3018

**ORDER**

Respondents Hermes of Paris, Inc. ("Hermes") and Lorenzo Bautista ("Mr. Bautista") (collectively "Respondents") moved to dismiss the claims of Claimant Matthew Swain ("Swain" or "Claimant") on the ground that the statute of limitations expired before the claims were filed. By Order dated October 1, 2019, Respondents' motion was denied because it appeared that there was a question of fact whether this defense had been waived. Respondents requested reconsideration by letter dated October 3, 2019. A conference call was held on October 4, 2019, and pursuant to the briefing schedule agreed upon by the parties, Claimant submitted a letter Memorandum dated October 11, 2019, and Respondents submitted a Reply dated November 15, 2019. In his letter Memorandum, Claimant's counsel agrees that Respondents raised the statute of limitations issue in the prior proceedings. Claimant, however, takes the position that the statute of limitations issue was raised "unsuccessfully." Claimant does not supply any Order denying any application to dismiss based on statute of limitations, nor does it appear that any Court addressed the defense. Instead, although the defense was admittedly raised in those proceedings, the proceedings were devoted to whether the matters could be resolved in Court or must proceed to arbitration. Respondents reply that because the issue was raised, it was not waived, and further, that since the other proceedings addressed only the arbitration requirement, the defense was

1

preserved but could only be addressed in this arbitration forum on this motion. Respondents have provided case law supporting this position. Claimant has neither taken the position that any behavior on the part of Respondents waived the defense, nor has Claimant presented any case law suggesting that the agreed upon conduct of the Respondents amounted to a waiver. As a result, it is appropriate to reconsider the matter, and upon reconsideration, grant the Respondents' motion to dismiss.

SO ORDERED.

Dated: December 10, 2019
      Rochester, New York

                                                SHARON P. STILLER
                                                ARBITRATOR