```
                                    SUPERIOR COURT OF NEW JERSEY
                                    LAW DIVISION, CIVIL PART
                                    ESSEX COUNTY
                                    DOCKET NO. L-4996-16
 1                                  A.D.#_____

 2
     MATTHEW SWAIN,              )
 3                               )
                                 )
 4          Plaintiff,           )
                                 )        TRANSCRIPT
 5       vs.                     )           OF
                                 )      MOTION TO DISMISS
 6   HERMES OF PARIS,            )
                                 )
 7          Defendant.           )

 8
                         Place:  Essex County Courthouse
 9                               470 Dr. Martin Luther King
                                 Jr. Boulevard
10                               Newark, New Jersey 07102

11                       Date:   November 18, 2016

12
13   BEFORE:

14      HONORABLE FRANCINE A. SCHOTT, J.S.C.

15   TRANSCRIPT ORDERED BY:

16      EDNA D. GUERRASIO, ESQ. (Proskauer Rose LLP)

17   APPEARANCES:

18      CHRISTOPHER W. HAGER, ESQ.
        (Niedweske Barber Hager)
19      Attorney for the Plaintiff

20
        LAWRENCE R. SANDAK, ESQ.
21      EDNA D. GUERRASIO, ESQ.
        (Proskauer Rose LLP)
22      Attorneys for the Defendant

23                           Transcriber, Sherry M. Bachmann
                             G&L TRANSCRIPTION OF NJ
24                           40 Evans Place
                             Pompton Plains, New Jersey 07444
25
                             Sound Recorded
                             Recording Operator,
```

2

                    I N D E X

PROCEEDING                                          PAGE

Motion to Dismiss                                      3

1    THE COURT:  Can I have the parties in SWAIN
2 V. HERMES.
3    MR. HAGER:  Good morning, Your Honor.
4    MR. SANDAK:  Good morning, Your Honor.
5    MS. GUERRASIO:  Good morning, Your Honor.
6    THE COURT:  Good morning.  All right,
7 Counsel.  Let's have your appearances.
8    MR. HAGER:  Good morning.  On behalf of
9 plaintiff, Matthew Swain, Chris Hager, law firm
10 Niedweske Barber Hager.
11    MR. SANDAK:  Lawrence Sandak and Edna
12 Guerrasio, Proskauer Rose, for Hermes of Paris and
13 Lorenzo Battista.
14    THE COURT:  All right.  So do I understand
15 properly that the federal court Judge ordered the
16 plaintiff to take this matter to arbitration?
17    MR. SANDAK:  Yes, Your Honor.
18    THE COURT:  Yes?
19    MR. HAGER:  Well, what the federal court
20 ordered was their petition for arbitration on behalf of
21 Hermes only was granted.
22    THE COURT:  We'll dance on the head of a pin
23 later.
24    MR. HAGER:  Okay.
25    THE COURT:  I need to know now --

1      MR. HAGER:  She granted their motion to
2 compel arbitration.
3      THE COURT:  And that -- so she said, she
4 didn't have the authority to, you know, take this New
5 Jersey action and ship it off somewhere.
6      MR. HAGER:  That's right.
7      THE COURT:  But she compelled the plaintiff
8 to take this complaint to arbitration.
9      MR. HAGER:  That's right.
10     THE COURT:  Okay.  So I, as a lowly state
11 court Judge --
12     MR. HAGER:  Disagree.
13     THE COURT:  -- sitting here in Newark, New
14 Jersey, why would I go in the face of a federal Judge
15 that told you to get yourself to arbitration?
16     MR. HAGER:  Sure.  Well, for the exact reason
17 that she said in her opinion that she couldn't touch
18 this state LAD case, number one.  She had no --
19     THE COURT:  No.  But, I mean, why -- your
20 client -- oh, gosh, I don't want to add fuel to this
21 fire, but --
22     MR. HAGER:  Sure.  Sure.
23     THE COURT:  -- isn't your client in contempt
24 for not doing what she told him he had to do?
25     MR. HAGER:  No.  There's no arbitration going

```
 1   on right now, Your Honor.
 2              THE COURT:  No.  I know.  She told him -- she
 3   told him if he wanted to pursue these claims, he had to
 4   take them to arbitration and he has not done that.
 5              MR. HAGER:  No.  Respect-- no.  Respectfully,
 6   Your Honor, -- and I'm not trying to be difficult, that
 7   was the worst kangaroo court appearance I have ever had
 8   in my career.  We were only in chambers.  There's no
 9   claims analysis.  There's no --
10              THE COURT:  They are the high and holy
11   federal bench.
12              MR. HAGER:  I get it and that's why we went -
13   - we went --
14              THE COURT:  All hail.
15              MR. HAGER:  We're at the Second Circuit right
16   now.  So there -- if anything, this arbitration order
17   is frozen in place and that was why, in part, they were
18   coming here --
19              THE COURT:  Okay.  Now, let me ask you, if
20   the Second Circuit affirms that order, you agree,
21   you're kind of done.
22              MR. HAGER:  I'm in trouble.  I'm in trouble.
23              THE COURT:  You're done.  You can't come here
24   and proceed against Hermes and have a jury and all the
25   rest of it because the federal court has told you, you
```

```
 1   have to go to arbitration.
 2              MR. HAGER:  Against Hermes.
 3              THE COURT:  Well, we'll get to that.  But you
 4   would agree against Hermes, if the Second Circuit
 5   affirms a District Court and I wasn't there and I don't
 6   know but I know this much.
 7              MR. HAGER:  Sure.
 8              THE COURT:  It is not for me as the state
 9   court Judge to pass judgment on what a federal Judge
10   did.
11              MR. HAGER:  I respect that.
12              THE COURT:  And, you know, I know you say
13   it's kangaroo court.  I'm sure he's going to say
14   something different.  I've seen lawyers make stuff up
15   about what happened in court or sometimes it's not even
16   made up.  Sometimes, they're just like the vision is so
17   clouded, the reality doesn't come through.  But it
18   doesn't matter.  It's not for me.  You agree, it's not
19   for me to review that Judge's decision?
20              MR. HAGER:  I do.  I absolutely do.  I know
21   your hands are tied on that not as to the aiding and
22   abetting individual liability claim and --
23              THE COURT:  Well, I'm one of those Judges who
24   is a little stingy.  See, I'm not going to go down that
25   road just yet.
```

1          MR. HAGER:  Okay.
2          THE COURT:  Because what I want to know from
3  you guys, I mean, I know, everybody is like, your
4  emotions are up and everybody wants to win.  I think
5  I'm going to send you all home a little half pregnant,
6  if you get my drift.  Why don't I just dismiss this
7  without prejudice and put in the order, it's without
8  prejudice to the plaintiff moving to reinstate or the
9  defendant moving to dismiss with prejudice after the
10 Second Circuit rules?
11         MR. HAGER:  I can't dispute that, Your Honor.
12         MR. SANDAK:  Well, then this is very easy
13 because neither can we.
14         THE COURT:  Go.  Have a great weekend.  Bill
15 another client.  We'll send the order out.
16         MR. SANDAK:  Thank you very much, Your Honor.
17         THE COURT:  Look at that, you're all ready.
18 Okay.  Great job on the briefs, by the way.
19         MR. SANDAK:  Thank you very much.
20         THE COURT:  Sorry I didn't give you a chance
21 to really go at it.
22         MR. HAGER:  No.
23         THE COURT:  But it seems to me, I mean, you
24 filed the appeal in the Second Circuit, right?
25         MR. HAGER:  Yes.

```
 1              THE COURT:  So if they say, no, he's
 2   absolutely right, you had to go to arbitration, well,
 3   that's one issue and that is whether or not the
 4   individual -- whether or not -- well, you still have to
 5   go to arbitration.  The issue would be then -- because
 6   you can't overrule the federal Judge.  If they say,
 7   you've got to go, you've got to go.  And then the
 8   question is, under what legal scenario would you be
 9   able to proceed against the supervisor, if any, and if,
10   in fact, that had to go to arbitration was well.
11              MR. HAGER:  I agree.  I agree.
12              THE COURT:  Have fun.  Bill another client.
13              MR. SANDAK:  Well, Judge, for the record, I
14   don't want to cloud anything but our position is that
15   Judge McMahon very clearly ordered that the arbitration
16   proceed against both parties.
17              THE COURT:  Well, and you know what, first,
18   let's see what the Second Circuit says, so we get it
19   out of the way.
20              MR. HAGER:  That's right.  That's right.
21              MR. SANDAK:  Agreed.
22              THE COURT:  All of this, you know, who did
23   what to who.
24              MR. HAGER:  Have a great weekend.
25              THE COURT:  Go have coffee.  Have a great
```

```
 1   Thanksgiving and we'll send the order out.
 2             MR. HAGER:  Thank you, Judge.  You, too.
 3             THE COURT:  Thank you.
 4                  (Proceedings concluded)
 5                       CERTIFICATION
 6
 7   I, SHERRY M. BACHMANN, the assigned transcriber, do
 8   hereby certify the foregoing transcript of
 9   proceedings, time from 9:29 a.m. to 9:34 a.m.43, is
10   prepared in full compliance with the current
11   Transcript Format for Judicial Proceedings and is a
12   true and accurate non-compressed transcript of the
13   proceedings as recorded.
14
15
16   [signature: Sherry Bachmann]
17   _____
18   SHERRY M. BACHMANN   AOC #454
     G&L TRANSCRIPTION OF NJ          Date:  March 13, 2018
19
20
21
22
23
24
25
```