AMERICAN ARBITRATION ASSOCIATION
EMPLOYMENT ARBITRATION TRIBUNAL

MATTHEW SWAIN,

           Claimant,

v.

HERMES OF PARIS, INC. and LORENZO
BAUTISTA,

           Respondents.

Case No.: 01-19-0001-3018

**ORDER**

Respondents Hermes of Paris, Inc. ("Hermes") and Lorenzo Bautista ("Mr. Bautista") (collectively "Respondents") move to dismiss the claims of Claimant Matthew Swain ("Swain" or "Claimant") on the ground that the statute of limitations to bring the claims expired before the claims were filed. For the reasons below, Respondent's motion is denied because there is a question of fact whether this defense has been waived.

BACKGROUND

The parties agree on much of the background, which is recited below.

Mr. Swain was employed by Hermes from 7/31/2015 until 11/6/2015. He signed a Dispute Resolution Agreement ("DRA") on 8/28/2015, which provides a three-step process. The Third step is that "either [Swain] or [Hermes] may initiate final and binding arbitration within six months after [Swain] or [Hermes] become aware or reasonably should have become aware, of the facts giving rise to the dispute, unless the dispute arises under a law that provides an alternate filing period, in which case such period shall apply. (DRA p. 2). The DRA also provides that New York law shall apply to the agreement (DRA p. 3), and that "By signing below, you agree (1) to mediate; and (ii) to arbitration, with arbitration being the sole, exclusive, and final forum for any remedy." (DRA p. 2).

Thereafter, there were a variety of proceedings in the New Jersey Superior Court and Appellate Division, as well as in the federal District Court for the Southern District of New York, and the Second Circuit. A description of the chronology of events follows, but the upshot is that the Southern District court ordered the matter to arbitration and the Second Circuit affirmed, and the New Jersey Appellate Division also ordered the matter to arbitration. It appears that Respondents did not raise a Statute of Limitations Defense in either court, but the parties have not included a full record with this motion.[1]

Swain filed his Demand for Arbitration on April 26, 2019.

New Jersey Superior Court suit:

- o On or about July 19, 2016, Swain filed a suit in the New Jersey Superior Court against Hermes, Mr. Bautista and certain "John Does" for 1) sexual orientation discrimination under New Jersey's "Law Against Discrimination" ("LAD")(1st Count"), "hostile work environment" under the LAD (2nd Count"), Retaliation under the LAD (3rd Count), LAD Individual liability -Lorenzo Bautista (4th Count), and Breach of Contract (5th Count).

- o On 12/14/2016, Hermes filed a motion to dismiss the New Jersey Superior Court Complaint but the motion papers are not contained in the submittals; the motion was also to stay the action pending arbitration. At oral argument,

---

[1] To the extent that Respondents suggest in their Reply Memorandum that they could not have moved to dismiss the arbitration until it was initiated, they did move to dismiss the claims in the New Jersey Superior Court, and they did oppose reinstatement. To the extent that they claim in their Reply Memorandum that they "set forth the basis" of their motion in their Answer, we presume that they are referring to the June 3, 2019 letter seeking approval for making a motion to dismiss. This, however, does not answer the question whether the defense was raised before the arbitration was initiated and if not, whether that waives the defense.

the parties agreed that the Superior Court Judge could dismiss "this" "without prejudice to the plaintiff moving to reinstate or the defendant moving to dismiss with prejudice after the Second Circuit rules" (Transcript at p. 7)

- An Order was entered in November, 2016:
    - Denying the Defendant's motion to dismiss Plaintiff's Complaint with prejudice; and instead,
    - Dismissing Plaintiff's Complaint without prejudice "pending the outcome of the matter involving these parties presently on appeal in the 2nd Circuit Court of Appeals".
- On March 9, 2018, Plaintiff's counsel moved to reinstate his claims and for an Order "invalidating the Defendant employer's LAD arbitration contract pursuant to *Roach v. BM Motoring, LLC ("Roach")* and to reinstate the LAD Complaint:
    - Denying the Defendant's motion to dismiss Plaintiff's Complaint with prejudice; and instead,
    - Dismissing Plaintiff's Complaint without prejudice "pending the outcome of the matter involving these parties presently on appeal in the 2nd Circuit Court of Appeals".
- Only a portion of the transcript of the argument on that motion has been provided;
    - Apparently, Mr. Swain's counsel took the position that only Hermes was bound by the six-month period contained in the DRA because

3

the DRA imposed the burden of paying for the arbitration costs on Hermes and that because of the passage of time, Hermes was estopped from seeking arbitration so that the claim had to be reinstated in court.

- On May 25, 2018, the New Jersey Superior Court denied Swain's motion, finding that:
    - Swain tendered his suit papers to counsel for Hermes by letter dated August 4, 2016;
    - Hermes was permitted but not required to begin arbitration proceedings;
    - While either party may initiate an arbitration, "if a party seeks a remedy against the other, that party must bring the dispute to arbitration in accordance with the DRP;"
    - If Swain wanted to resolve his dispute, he was required to initiate arbitration by sending a notice to Hermes' SVP or Senior Director of Human Resources and only if he did so, was Hermes required to initiate the arbitration;
    - Swain failed to deliver the notice, so no obligation arose for Hermes to begin the arbitration; and
    - The Court distinguished the *Roach* case from this case (indeed, finding them "not remotely comparable") because that case dealt with advancing fees, not paying them and the non-compliant party who imposed obstacles to arbitration forfeited his right to arbitration.

- o  Swain appealed that order, and by Decision dated April 23, 2019, the Appellate Division affirmed the Superior Court's Ruling.
  - The Court characterized Mr. Swain's argument as collaterally attacking "the New York order compelling the arbitration by challenging the enforceability of the DRP in the aftermath of the Second Circuit ruling.
  - The Appellate Division ended its decision by stating "We therefore order the parties to arbitrate plaintiff's claims."

Mediation

- o  On or about July 19, 2016, Hermes confirmed by email its willingness to engage in mediation;
- o  On or about July 26, 2016, the American Arbitration Association acknowledged a Request for Mediation in this matter, dated July 19, 2016 (but time stamped July 20, 2016) filed by Hermes.
- o  It appears but is not clear, that the request for mediation was deemed withdrawn when Complainant refused to participate as a party.

Petition to Compel Arbitration of the New Jersey Superior Court suit:

- o  On August 5, 2016, Hermes filed a petition in the Southern District of New York to compel arbitration and to enjoin the New Jersey State Court proceeding;
- o  On September 13, 2016, Southern District Court Judge McMahon issued a decision granting the petition to compel arbitration, but denying the petition to enjoin the New Jersey Superior court action. The Court noted that

- Petitioner could move to stay the New Jersey action in New Jersey and that the motion to compel should have been made in the context of that action;
  - Swain filed a Notice of Appeal on 9/14/2016;
  - The Second Circuit Court of Appeals affirmed the District Court's order, issuing its Mandate on 9/6/2017.

## DISCUSSION

Until 2019, Claimant has either resisted arbitration or contended that arbitration was waived because Respondents did not demand it. Until 2019, Respondents have agreed to mediate under the DRA, have moved to compel arbitration, and have successfully defended against an application to reinstate the New Jersey Superior Court matter, on the basis that the claim should proceed to arbitration.

Now, Respondents contend that the Statute of Limitations has expired so that the matter cannot proceed to arbitration. Indeed, they contend that as a result of the DRA, the statute of limitations on the breach of contract claim was six (6) months, and that it therefore expired before the New Jersey Superior Court litigation was brought. They further contend that because the LAD claims are statutory with their own limitations period, the applicable limitations period is two years, which expired two years after Claimant's termination. Again, Respondents contend that it expired before Respondents defended against Claimant's application to reinstate the New Jersey Superior Court action.

There is no dispute that Claimant did not file a claim with the AAA until April, 2019. Moreover, neither party has challenged the Arbitrator's authority to decide this motion. However, Claimant contends that the action is timely since it was brought shortly after the last Court determination compelling arbitration, the New Jersey Appellate Court's affirmation that arbitration

is required, and that Respondents are barred from bringing the motion by the doctrines of waiver, estoppel and laches.

The DRA provides that either party may initiate final and binding arbitration, and that Swain may do so by sending a request to the SVP or Senior Director of Human Resources. There is nothing to indicate whether Swain did so before April,2019, or whether he provided any notice of intent to arbitrate.

The parties disagree about what law applies, with Respondents claiming that the contractual choice of law provision in the parties' Agreement means that New York law applies, and the Claimant taking the position that at least for the LAD claims, New Jersey law must apply.

Under New York law, the statute of limitations may be shortened by agreement of the parties. *Hunt v. Raymour & Flanigan*, 105 A.D.3d 1005 (2d Dept. 2013). To the extent that claimant argues that the LAD period of limitations cannot be shortened, I do not read the contract to shorten it – it remains at two (2) years because the law itself contains its own statute of limitations. Claimant has not presented any caselaw suggesting that New Jersey does not permit a contractual shortening of the limitations period with respect to the breach of contract claim. In *Rodriguez v. Raymours Furniture Co., Inc.*, 225 N.J. 343 (Sup. Ct. N.J. 2016), the New Jersey Supreme Court held that a private agreement shortening the two-year limitations period for private LAD claims cannot be enforced. But here the issue is not whether the LAD limitations period was contractually shortened. Respondents do not claim that it was. Even assuming that the DAR did not impact the LAD limitations period, Claimant still did not initiate the arbitration within two years of the accrual of the claim, when the last discriminatory act allegedly occurred or Claimant should reasonably have become aware of the claims.

Claimant's contention that the New Jersey Appellate Court's order in 2018 that the matter proceed to arbitration constituted accrual of the claim for purposes of the statute of limitations is rejected. All that the Court determined, was that the case should be in an arbitration forum, not in court with the complaint reinstated. In addition, claimant's contention that there should be some sort of toll is also rejected. Whether New York or New Jersey law is applied, no law was presented that would justify applying a toll during the period that the matter was being litigated, other than, perhaps, the toll under New York's CPLR §205 (a) when an action is dismissed. That will not save the claim, since no one suggests that the arbitration was commenced within six months of the New Jersey Superior Court dismissing it and, in any event, if the six-month DRA limitations period applied, at least the breach of contract claim would have been untimely when the claim was filed.

In *Garfinkel v. Morristown Obstetrics & Gynecology Assoc., P.A.*, 168 N.J. 124 (Sup. Ct. N.J. 2001), the Court held that an employee was entitled to uphold LAD's statutory remedies despite an arbitration clause, but here, that horse has already left the barn since arbitration was compelled by both the Southern District and the New Jersey Appellate Division.

Had either the Southern District or the New Jersey Courts granted a stay of arbitration, then there might not be any Statute of Limitations issue. But here, instead, the New Jersey action was dismissed without prejudice, which presumptively would permit the statute of limitations to run. And here, it does not appear that equitable tolling can be invoked, since it is questionable whether Claimant proceeded with reasonable diligence, since no Court mandated that Claimant wait to file an arbitration claim.

What is troubling is that it appears that the Statute of Limitations defense was not raised during almost three years of litigation, including appeals, despite Respondents claim that it had expired to prevent the breach of contract claim when the first action was filed in the New Jersey

8

Superior Court, and that the limitations period on all claims had expired when Claimant sought to reinstate all claims in the New Jersey Superior Court.

Under New York Law, which Respondents claim applies, a Statute of Limitations defense may be waived. Indeed, New York's Civil Practice Law and Rules, if applicable, has provisions concerning arbitration and when a statute of limitations defense may be waived. But here, it is unclear what law the parties contend applies to this defense – whether it is New York or New Jersey law, or even the Federal Arbitration Act, whether the defense was raised earlier against the claims, which it could have been raised if it was not, why the defense was not raised earlier if it could have been, and whether under applicable law, that means that the defense has been waived.

At this juncture and without a complete record of the basis upon which the claim of waiver is made, the issue cannot be decided. Matters outside the pleadings and submissions may not be considered on this application to dismiss. As a result, the motion to dismiss on the face of the pleadings is denied.

SO ORDERED.

Dated: October 1, 2019
      Rochester, New York

SHARON P. STILLER
ARBITRATOR