

January 22, 2020

**Via CM/ECF**
**& Overnight Mail Courtesy Copy**

Honorable Chief Judge Colleen McMahon, U.S.D.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    RE:    <u>Hermès of Paris v. Matthew Swain</u>
           Case No. 1:16-cv-06255 (CM)

Dear Chief Judge McMahon:

*MEMO ENDORSED*

    On behalf of Respondent Matthew Swain and Your Honor's Individual Practices and

Procedures ID, I respectfully submit this letter motion for an adjournment of the Hermès of Paris

petition to confirm arbitration award and enjoin respondent from engaging in further court proceeds in

the New Jersey Superior Court. The notice of petition was filed on January 16, 2020, (ECF Doc. No.

27), and I requested the consent of Hermès' counsel to its adjournment which was rejected without

reason. I have made no prior adjournment requests on this petition and there are no other scheduled

dates on this case in this Court. I am unaware of the return date for Hermès' petition and defense

counsel has not responded to my request if one has been assigned. However, as explained below, a

pending New Jersey Superior Court motion on this case that is returnable on February 14, 2020,

underscores the basis for my adjournment request until after that motion is decided.

*[Handwritten notes by the Court:]*

1/23/2020
(1) Nothing in "this case" is pending or returnable in New Jersey. This case "is pending" HERE.
(2) Per my individual rules, which attorneys are expected to be familiar, you have 14 days from the filing of a petition to confirm or vacate an arbitration award.
(3) I will give you an extra week until 2/6/2020 to respond to the petition.
(4) I will not —

*[Bottom handwritten notes:]*
adjourn this motion to decide any other lawsuit. There has been an arbitration. If the award is not plain and defective, I will confirm it by 3/6/2020.

On December 23, 2019, I filed a motion under New Jersey law in the New Jersey Superior Court, Law Division, to vacate the arbitration award and to reinstate Mr. Swain's New Jersey employment discrimination case into the New Jersey Superior Court. That motion is scheduled for oral argument on February 14, 2020, and it seeks relief that is both consistent with Your Honor's September 13, 2016 written decision in this case, (ECF Doc. No. 28-7), and inconsistent with Hermès' attempt to access this Court's jurisdiction over Mr. Swain's New Jersey case.

More specifically, Your Honor's written decision granted the Hermès petition to compel Swain to arbitrate his claims, but denied the petition's request to enjoin Swain's New Jersey state court case because Hermès had "not convinced the Court that it has the power to do so." (Id. at page 5). Your Honor concluded that "[t]he Court has the authority to enjoin *Respondent* (Swain) from proceeding in New Jersey, but Hermes has made no such motion. Nothing precludes it from doing so now - or from seeking a stay of proceedings directly in the New Jersey Superior Court, where it could and should have brought this proceeding to compel in the first place." (Id. at page 6). Hermes never filed a motion with to enjoin Respondent Swain before the arbitration was initiated after appellate practice, and never sought a stay in the New Jersey Superior Court. I filed an appeal to the Second Circuit, which affirmed Your Honor's decision to compel arbitration and observed that Hermes did not appeal the denial of its motion to enjoin Swain's New Jersey state court case.

Swain's pending motion in the New Jersey Superior Court is therefore consistent with Your Honor's decision that this Court does not have the power to enjoin his New Jersey state court proceedings. I therefore respectfully request that the Hermès petition be adjourned pending the decision on Swain's extant Superior Court, Law Division motion.

In addition, on January 21, 2020, I was granted permission through pacer to file electronically on this case, and I will be filing for admission pro hac vice once I receive my requested certificate of good standing from the New Jersey Supreme Court. I ask that Your Honor consider my adjournment request in light of my pending admission to appear on this case.

Respectfully submitted,
**HAGER LAW, LLC**
Attorney for Matthew Swain

s/ Christopher W. Hager