**HAGER LAW, LLC**
Christopher W. Hager, Esq.
55 Madison Avenue, Suite 400
Morristown, New Jersey  07960
(201) 452-7931
chager@njhagerlaw.com
https://njhagerlaw.com/
Attorney for Respondent Matthew Swain

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERMÈS OF PARIS, INC.,<br><br>                    Petitioner,<br><br>v.<br><br>MATTHEW SWAIN,<br><br>                    Respondent. | Case No.: 1:16-cv-06255 (CM)<br><br>ECF Case<br><br>DECLARATION OF COUNSEL IN SUPPORT OF RESPONDENT'S CROSS PETITION TO VACATE THE ARBITRATION AWARD AND DENY ENJOINMENT OF HIS NJ CASE |

   I, Christopher W. Hager, Esq., make this declaration pursuant to 28 U.S.C. § 1746. I hereby declare as follows:

   1.   I am an attorney-at-law of the State of New Jersey and represent Respondent Matthew Swain in this New Jersey Law Against Discrimination ("LAD") employment discrimination and breach of contract case. I respectfully submit this declaration based on my personal knowledge of this case and the matters set forth herein.

   2.   I submit this declaration in support of Respondent Swain's cross petition to vacate the arbitration award and in opposition to the Hermès petition to enjoin his NJ state court case.

   3.   Attached as Exhibit 1 is the Second Circuit's August 14, 2017 decision affirming the Southern District of New York's judgment in this case.

1

4. Attached as Exhibit 2 is the September 13, 2016 Southern District of New York decision and order granting the Hermès petition to compel arbitration and denying the petition to enjoin Respondent Swain's New Jersey state court action.

5. Attached as Exhibit 3 is Swain's New Jersey Superior Court Complaint and Jury Demand, filed on July 19, 2016.

6. Attached as Exhibit 4 is the Hermès dispute resolution procedure containing its arbitration agreement.

7. Attached as Exhibit 5 is the Hermès SDNY petition to compel arbitration and enjoin Swain's claims.

8. Attached as Exhibit 6 is the Hermès New Jersey Superior Court notice of motion to dismiss Plaintiff's complaint with prejudice.

9. Attached as Exhibit 7 is New Jersey Law Division Judge Schott's November 18, 2016 Order denying the Hermès motion to dismiss with prejudice.

10. Attached as Exhibit 8 is Swain's March 9, 2018 motion to reinstate his complaint into New Jersey state court.

11. Attached as Exhibit 9 is the transcript of the oral argument before New Jersey Law Division Judge Lynott.

12. Attached as Exhibit 10 is New Jersey Law Division Judge Lynott's May 25, 2018 Order and decision denying Swain's motion to reinstate.

13. Attached as Exhibit 11 is the New Jersey Appellate Division's April 23, 2019 unpublished decision affirming Judge Lynott's decision and Order.

14. Attached as Exhibit 12 is confirmation of the April 26, 2019 AAA arbitration initiated on behalf of Respondent Swain.

15. Attached as Exhibit 13 is Hermès's response to Plaintiff's arbitration.

16. Attached as Exhibit 14 is the arbitrator's briefing schedule for Hermès's motion to dismiss the arbitration.

17. Attached as Exhibit 15 is Hermès's motion to dismiss the arbitration, which excludes its exhibits as duplicate documents submitted on these cross petitions.

18. Attached as Exhibit 16 is Swain's opposition to Hermès's motion to dismiss the arbitration with exhibit A and excluding its redundant exhibits.

19. Attached as Exhibit 17 is Hermès's reply filed on its motion to dismiss the arbitration.

20. Attached as Exhibit 18 is the arbitrator's decision denying Hermès's motion to dismiss the arbitration, without prejudice.

21. Attached as Exhibit 19 is Hermès's letter to the arbitrator requesting reconsideration.

22. Attached as Exhibit 20 is Swain's counsel's opposition filed to Hermès's request for reconsideration.

23. Attached as Exhibit 21 is Hermès's reply letter in further support of reconsideration.

24. Attached as Exhibit 22 is the arbitrator's Order granting reconsideration and dismissing Plaintiff's claims based on a statute of limitations.

I declare under the penalty of perjury that the foregoing is true and correct.

s/ Christopher W. Hager

Dated: January 28, 2020