# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand and seventeen.

Before:  John M. Walker, Jr.,
         Debra A. Livingston,
         Gerard E. Lynch,
              *Circuit Judges.*

---

Hermés of Paris, Inc.,

    Petitioner - Appellee,

**JUDGMENT**
Docket No. 16-3182

v.

Matthew Swain,

    Respondent - Appellant.

---

The appeal in the above captioned case from a judgment of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 2 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 30 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page1 of 10

16-3182-cv
Hermès of Paris, Inc. v. Swain

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: May 3, 2017   Decided: August 14, 2017)

Docket No. 16-3182-cv

HERMÈS OF PARIS, INC.,

*Petitioner-Appellee,*

— v. —

MATTHEW SWAIN,

*Respondent-Appellant.*[*]

Before:

WALKER, LIVINGSTON and LYNCH, *Circuit Judges.*

Respondent-appellant Matthew Swain appeals from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*). He contends that the district court lacked subject matter

---

[*] The Clerk of Court is directed to amend the caption to conform to the above.

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 3 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 31 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page2 of 10

jurisdiction over a petition to compel arbitration brought by petitioner-appellee Hermès of Paris, Inc. We conclude that the district court had diversity jurisdiction and accordingly AFFIRM its judgment.

---

>   LAWRENCE R. SANDAK (Edna D. Guerrasio, *on the brief*), Proskauer Rose LLP, Newark, NJ, *for* Petitioner-Appellee.
>
>   CHRISTOPHER W. HAGER (Peter J. Heck, *on the brief*), Niedweske Barber Hager, LLC, Morristown, NJ, *for* Respondent-Appellant.

---

GERARD E. LYNCH, *Circuit Judge*:

Respondent-appellant Matthew Swain appeals from a judgment of the United States District Court for the Southern District of New York (Colleen McMahon, *Chief Judge*). On appeal, Swain argues that the district court lacked subject matter jurisdiction over a petition to compel arbitration brought by petitioner-appellee Hermès of Paris, Inc. ("Hermès") under § 4 of the Federal Arbitration Act ("FAA"). For the reasons set forth below, we conclude that the district court had diversity jurisdiction and accordingly AFFIRM its judgment.

## BACKGROUND

In November 2015, Swain was fired from his job with Hermès managing

2

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 4 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 32 of 92   Trans ID: LCV2018423879

Case 16-3132, Document 83-1, 08/14/2017, 2099312, Page3 of 10

the company's boutique at the Mall at Short Hills in New Jersey. In July 2016, Swain, a New Jersey resident, sued Hermès in New Jersey state court, asserting claims under New Jersey state law for discrimination and hostile work environment on the basis of sexual orientation, retaliation, and breach of contract. Swain named as defendants in that suit Hermès, and Lorenzo Bautista, who worked with Swain at the Short Hills Hermès store.

Thereafter, asserting federal jurisdiction based on diversity of citizenship, Hermès filed a petition in the district court to compel arbitration pursuant to § 4 of the FAA, naming Swain as the only respondent and citing a dispute resolution protocol that he had allegedly signed in August 2015.[1] The dispute resolution protocol states that "either you or [Hermès] may initiate final and binding arbitration" for "all legal and equitable claims . . . of whatever nature or kind . . . between you and [Hermès], its corporate parent . . . , their affiliates and subsidiaries and its and their owners, directors, officers, executives and

---

[1] Section 4 of the FAA is "something of an anomaly" in that its statutory text "bestows no federal jurisdiction but rather requires for access to a federal forum an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks and brackets omitted). That independent jurisdictional basis is generally either federal question or diversity jurisdiction. *See Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010).

3

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 5 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 33 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page4 of 10

employees." A. 25, 28. The district court granted the petition in relevant part,[2] and this timely appeal followed.

## DISCUSSION

On appeal, Swain does not contest the arbitrability of his dispute with Hermès, arguing instead that the district court lacked subject matter jurisdiction due to a lack of complete diversity of citizenship. He does not dispute that the parties to the petition to compel arbitration (Hermès and Swain) are citizens of different states, but nevertheless argues that we should "look through" the petition to the underlying dispute, as defined in Swain's New Jersey lawsuit, and conclude that complete diversity is lacking because Swain and Bautista, who is adverse to Swain in his state court litigation in New Jersey, are both citizens of that state.[3]

Swain's argument is foreclosed by our decision in *Doctor's Associates, Inc. v.*

---

[2] The district court denied Hermès' request that it enjoin the New Jersey action, concluding that it lacked the authority to do so under the Anti-Injunction Act, *see* 28 U.S.C. § 2283. Hermès does not challenge that aspect of the district court's ruling, on which we express no view.

[3] While Swain presses this argument for the first time on appeal, we consider it nonetheless given that "federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*." *F5 Capital v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017) (internal quotation marks and brackets omitted).

4

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 6 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 34 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page5 of 10

*Distajo*, 66 F.3d 438 (2d Cir. 1995). In *Distajo*, we held that in evaluating whether the requirement of complete diversity is satisfied, a court assessing its jurisdiction over an FAA petition is to "look[] only to the citizenship of the parties in the action before it" – that is, the "parties to the petition to compel" as well as any indispensable parties who must be joined pursuant to Federal Rule of Civil Procedure 19.[4] 66 F.3d at 445, 446.

---

[4] Swain argues for the first time in his reply brief that Bautista was a third-party beneficiary of the dispute resolution protocol and must therefore be joined under Rule 19 as an indispensable party, thus destroying complete diversity. Although we might normally consider such an argument forfeited, we consider it here as it may bear on the question of subject matter jurisdiction. *See F5 Capital*, 856 F.3d at 75; *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382-83 (2d Cir. 2006) (noting that Rule 19 questions may be considered *sua sponte* by both trial and appellate courts). In *Distajo*, we rejected a substantially similar argument, finding non-signatories to an arbitration agreement not to be indispensable parties under Rule 19 because they did not meet the threshold tests of Rule 19(a). 66 F.3d at 446. Specifically, we reasoned that: (1) their joinder was not necessary for the court to afford complete relief since the district court could issue an order compelling arbitration regardless of whether the non-signatories were joined; and (2) Rule 19's concern with "possible prejudice resulting from piecemeal litigation [] is overcome in th[e] [arbitration] context by the FAA's strong bias in favor of arbitration." *Id. Distajo*'s logic dictates that Bautista likewise fails to qualify as an indispensable party under Rule 19, even assuming *arguendo* that Bautista is a third-party beneficiary of the dispute resolution protocol. Here, as in *Distajo*, the district court could afford complete relief – that is, an order compelling arbitration between Swain and Hermès – to the parties without Bautista's presence in the action. Moreover, the potential for piecemeal litigation is even less of a concern here than in *Distajo*. In that case, the petitioner faced the possibility of having to simultaneously pursue arbitration against signatories to the franchise agreements at issue and litigation against non-signatories, potentially leading to inconsistent obligations. Here, if Bautista is indeed a third-party beneficiary of the dispute resolution protocol, Swain would likely be required to arbitrate his claims not only against Hermès, but also against Bautista, thus

5

Case 1:16-cv-06255-CM Document 42-1 Filed 02/19/20 Page 7 of 12
ESX-L-004996-16 03/09/2018 11:13:46 AM Pg 35 of 92 Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page6 of 10

In so holding, we rejected the "look-through" approach that Swain urges here, reasoning that § 4 of the FAA provides for jurisdiction over a suit arising out of a controversy between "the parties," which "most sensibly refers to those persons who are parties to the arbitration agreement – and who therefore can be named in the petition to compel arbitration." *Id.* at 445 (internal quotation marks omitted). Adopting the argument made by the petitioner in *Distajo*, we reasoned that requiring that the parties to the underlying dispute be completely diverse would "fatally undermine[]" the FAA because it would allow "a party resisting arbitration [to] defeat federal jurisdiction simply by suing someone from the same state, plus the party seeking to compel arbitration, in a separate lawsuit." *Id.* All of our sister Circuits to have addressed the issue have likewise rejected a look-through approach to assessing complete diversity for the purposes of evaluating whether a district court has diversity jurisdiction over an FAA petition.[5]

---

minimizing the chance of inconsistent obligations. Nor is there any indication that Bautista's ability to protect his interests would "as a practical matter [be] impair[ed] or impede[d]" if he were not joined in this action. Fed. R. Civ. P. 19(a)(1)(B)(i). Accordingly, we reject Swain's argument that Bautista must be joined under Rule 19 as an indispensable party.

[5] *See Dell Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 871 (4th Cir. 2016); *Northport*, 605 F.3d at 491; *Circuit City Stores, Inc. v. Najd*, 294 F.3d 1104, 1106 (9th Cir. 2002); *We Care*

6

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 8 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 36 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page7 of 10

Swain argues, however, that the Supreme Court's ruling in *Vaden v. Discover Bank*, 556 U.S. 49 (2009), requires that courts look through the petition to the underlying suit for purposes of determining whether complete diversity is satisfied, thus abrogating *Distajo*. That argument is simply incorrect. The Supreme Court's decision in *Vaden* deals with the entirely different question of determining whether a district court has *federal question* jurisdiction over a petition to compel arbitration. In contrast to the unanimous rejection by the Circuits of the look-through approach to assessing complete diversity for the purposes of diversity jurisdiction, the Courts of Appeals had split over whether to look to the underlying lawsuit in determining federal question jurisdiction. *Compare Westmoreland Capital Corp. v. Findlay*, 100 F.3d 263, 268 (2d Cir. 1996) (holding that a federal court does not have subject matter jurisdiction over a petition to compel arbitration "merely because the underlying claim raises a federal question"), *with Discover Bank v. Vaden*, 396 F.3d 366, 368-70 (4th Cir. 2005) (holding that a district court may "look through" the petition to compel arbitration "to assess whether the overall controversy between the parties is

---

*Hair Dev., Inc. v. Engen*, 180 F.3d 838, 842 (7th Cir. 1999); *First Franklin Fin. Corp. v. McCollum*, 144 F.3d 1362, 1364 (11th Cir. 1998).

7

Case 1:16-cv-06255-CM  Document 42-1  Filed 02/19/20  Page 9 of 12
ESX-L-004996-16  03/09/2018 11:13:46 AM  Pg 37 of 92  Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page8 of 10

grounded in federal law"). In *Vaden*, the Supreme Court resolved that issue, expressly rejecting our precedent in *Westmoreland* and holding that courts may look through § 4 petitions to the underlying dispute to determine whether they are predicated on actions arising under federal law. *Vaden*, 556 U.S. at 62; *see also Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 380 (2d Cir. 2016) (recognizing *Vaden*'s overruling of *Westmoreland*).

Nowhere in *Vaden*, however, did the Court address whether a look-through approach should likewise apply where courts assert diversity jurisdiction over an FAA petition. Indeed, the Court specifically noted that diversity of citizenship was not available as a jurisdictional basis for the petition at issue in *Vaden*, 556 U.S. at 54 n.1, and expressly limited its endorsement of the look-through approach to the context of federal question jurisdiction, stating that it "approve[d] the 'look through' approach *to this extent*: A federal court may 'look through' a § 4 petition to determine whether it is predicated on an action that 'arises under' federal law," *id.* at 62 (emphasis added). At no point in *Vaden* did the Court question the continuing viability of the approach to diversity jurisdiction articulated in *Distajo*, which had been uniformly embraced at the time by all of the Circuits to have addressed the issue, and which has continued

8

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 10 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 38 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page9 of 10

to be followed by those Circuits to have addressed the issue following *Vaden*. *See supra* n. 5 (collecting cases).[6]

Because *Vaden* speaks only to the applicability of a look-through approach where courts assert federal question jurisdiction over an FAA petition, *see Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 488-91 (8th Cir. 2010) (reaching same conclusion), *Vaden* does not overrule our precedent in *Distajo* or "cast sufficient doubt," *Doscher*, 832 F.3d at 378, on that precedent to undermine it. We therefore remain bound by *Distajo*. Swain's challenge to the district court's subject matter jurisdiction therefore fails, because under *Distajo* complete diversity is measured by reference to the parties to the petition to compel arbitration. Here, those parties are Hermès and Swain, who no one disputes are citizens of different states and thus completely diverse. Accordingly,

---

[6] We note, moreover, that the Supreme Court did not question the district court's subject matter jurisdiction over the petition to compel arbitration at issue in the seminal arbitration case of *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). There, jurisdiction was based on diversity of citizenship, where the parties to the petition were completely diverse, but the parties to the underlying dispute were not. *Id.* at 7 & n.4. Although it did not expressly address the question of subject matter jurisdiction, *Moses* noted that the FAA "*requires* piecemeal resolution when necessary to give effect to an arbitration agreement" and that such agreements under the FAA are to be enforced "notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Id.* at 20 (emphasis in original).

9

Case 1:16-cv-06255-CM   Document 42-1   Filed 02/19/20   Page 11 of 12
ESX-L-004996-16   03/09/2018 11:13:46 AM   Pg 39 of 92   Trans ID: LCV2018423879

Case 16-3182, Document 83-1, 08/14/2017, 2099312, Page10 of 10

the district court had subject matter jurisdiction over the petition to compel arbitration.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

# MANDATE

**UNITED STATES COURT OF APPEALS
FOR THE
SECOND CIRCUIT**

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of August, two thousand and seventeen.

Before:  John M. Walker, Jr.,
Debra A. Livingston,
Gerard E. Lynch,
*Circuit Judges.*

---

Hermés of Paris, Inc.,

    Petitioner - Appellee,

**JUDGMENT**
Docket No. 16-3182

v.

Matthew Swain,

    Respondent - Appellant.

---

The appeal in the above captioned case from a judgment of the United States District Court for the Southern District of New York was argued on the district court's record and the parties' briefs. Upon consideration thereof,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that the judgment of the district court is AFFIRMED.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

**MANDATE ISSUED ON 09/06/2017**