UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

HERMÈS OF PARIS, INC.,

                    Petitioner,

    -against-

                                             No. 16-cv-6255 (CM)

MATTHEW SWAIN,

                    Respondent.
_____

### MEMORANDUM DECISION AND ORDER CONFIRMING THE ARBITRATION AWARD AND ENJOINING RESPONDENT

McMahon, C.J.:

      Petitioner Hermès of Paris, Inc. ("Hermès"), petitions this court to confirm an arbitration award against Respondent, Matthew Swain ("Swain"), and to enjoin Swain from further litigation proceedings against Hermès. Swain cross petitions, asking the Court to vacate the arbitration award. For the reasons set forth below, the Court grants Hermès's petitions and denies Swain's cross petition.

### BACKGROUND

      Hermès is a limited-liability corporation headquartered in New York. Swain is a resident of New Jersey whom Hermès employed at its Short Hills, New Jersey location from July 31, 2015 to November 6, 2015, at which point he was fired.

      As part of his employment, Swain signed a "Dispute Resolution Agreement" ("DRA") which provides that any disputes between himself and Hermès relating to his employment would "be resolved by a single arbitrator, to be held in [the] City, State and County of New York," and

that, "Applicable AAA Employment Arbitration Rules shall apply except as otherwise specified[.]" (Dkt. No. 42, Exh. 4, pg. 2).

The DRA covers:

> all legal and equitable claims, demands, and controversies, of whatever nature or kind, whether in contract, tort, under statute or regulation, or some other law, between [Swain] and [Hermès] . . . conditions of [Swain's] employment with, or separation from [Hermès] . . . ; (ii) any agreements (written or oral) now in existence or that may come into existence in the future between [Swain] and [Hermès] . . . ; (v) claims arising from or related to alleged discrimination, harassment, or retaliation in employment (including, but not limited to, race, sex, sexual orientation, religion, national origin, age, marital status, physical or mental disability or handicap, or medical condition) under any federal, state and/or other governmental law, statute, regulation, and/or ordinance…; (vi) any claims relating to leaves of absence, benefits, or compensation or post-termination benefits under federal, state and local laws[.]

(*Id*. at pg. 5). The DRA further states that "the arbitrator shall apply the governing substantive law applicable to the parties' claims and defenses otherwise available in court[.]" (*Id*. at pg. 2).

Swain and Hermès also agreed to a short "statute of limitations" for filing claims against each other – as they were free to do. The DRA provides that Swain or Hermes must "initiate final and binding arbitration within six months after [Swain] or [Hermès] become aware . . . of the facts giving rise to the dispute, unless the dispute arises under a law that provides an alternate filing period, in which case such period shall apply." (*Id*.).

On July 19, 2016 – eight and a half months after he was fired (at which point he presumably was aware of the facts giving rise to his claims) – Swain sued Hermès in New Jersey state court. He asserted that Hermès had breached the parties' employment contract by firing him and by failing to pay him a bonus. He also asserted a variety of sexual-orientation discrimination, hostile work environment, and retaliation claims under New Jersey's Law Against Discrimination ("NJLAD").

Swain's lawsuit ultimately resulted in litigation in two courts, because Hermès promptly moved in this Court to compel arbitration, on the basis that the DRA required the parties to arbitrate all disputes arising out of Swain's employment.

This Court granted the motion to compel arbitration on September 13, 2016. (Dkt. No. 20).

Hermès then moved to dismiss Swain's New Jersey lawsuit. The New Jersey Superior Court dismissed Swain's suit, albeit without prejudice to refiling if the Second Circuit were to reverse this Court's order compelling arbitration. That did not happen: on August 14, 2017, the Second Circuit affirmed this Court's ruling in a summary order.

At that point it should have been crystal clear to Swain that arbitration was the proper forum in which to resolve his dispute with Hermès. Yet Swain took no steps to commence an arbitration until almost two years later. Instead, he wasted time trying to find ways around the decisions he disliked.

On March 9, 2018, Swain filed a motion to reinstate his complaint against Hermès in New Jersey. He argued that, as he had indicated a preference for litigating in court by filing a lawsuit against Hermès, *Hermès* was obligated to initiate arbitration if it wanted to arbitrate instead. Swain also argued that, as Hermès had failed to initiate arbitration within the DRA's six-month limitations period, it was now precluded from insisting that Swain arbitrate his claims.

This was errant nonsense. The DRA is a contract; it provided for arbitration in the event of employment-related disputes; and that promise was binding on *both* parties to the contract. As two courts had by then held, Swain had no right to commence any lawsuit, and was in breach of his contractual obligations by doing so. If Swain wanted redress, he needed to notice an arbitration; otherwise, he could not obtain any relief.

The New Jersey Superior Court agreed with this analysis. It held that there was "no reason in law or logic to read" the DRA as requiring Hermès to initiate arbitration when it was Swain who wanted claims adjudicated against Hermès. (Dkt. No. 42, Exh. 10). On May 25, 2018, it denied Swain's motion to reinstate and held that Swain had to pursue his claims in arbitration. A third court had now ordered Swain to arbitrate.

A fourth court ordered Swain to arbitrate, when – on April 23, 2019 – the New Jersey Appellate Division affirmed the Superior Court's order in a *per curiam* opinion. The opinion noted that Swain was attempting to "collaterally attack[] the New York [federal court] order compelling the arbitration by challenging the enforceability" of the DRA. (Dkt. No. 42, Exh. 11, pg. 7). It also noted that there was "no basis to conclude that the [DRA] was ambiguous," nor was there any "evidence that [Hermès] breached [the DRA's] terms." (*Id*. at 8). The Appellate Division concluded its opinion by stating – in the clearest terms possible – "We therefore order the parties to arbitrate plaintiff's claims." (*Id*. at pg. 13).

Swain finally took the hint. Having wasted almost three years since this Court first ordered him to arbitrate his claims, Swain finally filed a Demand for Arbitration with the AAA on April 26, 2019.  The parties selected Sharon Stiller as arbitrator ("the Arbitrator").

Hermès promptly filed a motion to dismiss the arbitration, on the ground that Swain had failed to initiate an arbitration within six months (for his breach-of-contract claim) or two years (for his NJLAD claims) of learning about the facts underlying his claims, as required by the terms of the DRA. The Arbitrator initially denied this motion because the record did not reveal whether Hermès had waived the statute of limitations defense. However, she subsequently granted Hermès's motion for reconsideration and dismissed all of Swain's claims as untimely on December 10, 2019.

Following the Arbitrator's decision, Swain went back to New Jersey state court and filed yet another motion to reinstate his complaint. Hermès returned to this Court to confirm the arbitration award, as well as to enjoin Swain from further litigation proceedings against Hermès arising out of his employment. Swain filed a cross petition to vacate the arbitration award.

**DISCUSSION**

I.   **Hermès's Petition to Confirm the Arbitration Award is Granted. Swain's Cross Petition is Dismissed.**

1.   The Arbitrator Did Not Exceed Her Authority in Deciding Whether Swain Initiated Arbitration Outside the Limitations Period.

Under the Federal Arbitration Act ("FAA"), confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). The FAA creates a strong presumption in favor of confirming arbitration awards and "requires district courts to accord significant deference to arbitrators' decisions[.]" *Nat'l Football League Players Ass'n v. Nat'l Football League Mgmt. Council*, 523 F. App'x 756, 760 (2d Cir. 2013). "[A]n arbitration award should be enforced . . . if there is a 'barely colorable justification for the outcome reached,'" *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F. 3d 255, 260 (2d Cir. 2003) (citations omitted), and a "court 'must grant' the award 'unless the award is vacated, modified, or corrected.'" *D.H. Blair & Co.*, 462 F.3d at 110 (quoting 9 U.S.C. § 9).

The FAA provides a very limited set of circumstances under which an arbitration award may be vacated:

(1)   where the award was procured by corruption, fraud, or undue means;

(2)   where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C § 10(a).

Swain contends that the award should be vacated pursuant to § 10(a)(4). He argues that the Arbitrator exceeded her powers because the DRA did not expressly delegate to the Arbitrator the ability to decide disputes over timeliness.

Swain is incorrect. The DRA does indeed confer on the Arbitrator the power to decide whether claims are time-barred.

A court is "severely limited" in its ability to vacate arbitration awards. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (citation omitted). A court generally decides only whether the parties made an agreement to arbitrate. Once it has determined there is such an agreement, all issues pertaining to a covered dispute are for the Arbitrator to decide unless the parties specifically state otherwise. *See, e.g., First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995).

Therefore, when a litigant invokes § 10(a)(4) to overturn an award, a court determines only "whether the arbitrator[] had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrator[] correctly decided that issue." *Di Russa v. Dean Witter Reynolds Inc.,* 121 F. 3d 818, 824 (2d Cir. 1997). When examining issues of timeliness in particular, a court must "divine whether the parties intended at the time of contracting to have issues of timeliness determined by the arbitrator," and "must construe the parties'

intentions 'generously' in favor of arbitrability." *Bechtel do Brasil Contrucoes Ltda. v. UEG Araucaria Ltda.*, 638 F.3d 150, 154 (2d Cir. 2011) (citation omitted).

It is easy to divine the parties' intent on this score, because the DRA quite plainly does not preclude the Arbitrator from deciding issues of timeliness.  On the contrary: the DRA expressly provides that, "the arbitrator shall apply the governing substantive law applicable to the parties' claims *and defenses otherwise available in court*[.]" (Dkt. No. 42, Exh. 4, pg. 2) (emphasis added). Whether the arbitration was initiated after the expiration of the applicable limitations period is a defense to liability that would be "otherwise available in court." Therefore, the Arbitrator had ample authority to decide it.

2. The Court Lacks Power to Address Swain's Argument that the Limitations Periods in the DRA Were Tolled *Pendent Lite*

Swain next asserts that the award should be vacated because the arbitrator's decision was incorrect. Specifically, he argues that, once he filed his original suit against Hermès in state court, the time within which he could file for arbitration should have been tolled, while the parties argued over the proper forum in which to resolve the dispute.

Swain's tolling argument is not encompassed in any of the four FAA-sanctioned grounds for refusing to confirm (or vacating) an arbitration award. It is nothing more than an a challenge to the correctness of that decision.  As the issue of the timeliness of the claims was well within the arbitrator's power to decide, this court has no authority whatever under §10(a) of the FAA to consider such a challenge. *See Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) ("Put simply, 'Section 10(a)(4) does not permit vacatur for legal errors.'" (quoting *Westerbeke Corp. v. Daihatsu Motor Co. Ltd.*, 304 F.3d 200, 220 (2d Cir. 2002)).

And that should be the end of the matter.

I recognize that the Second Circuit has held that a court "may set aside an arbitration award if it was rendered in manifest disregard of the law," *Weiss v. Sallie Mae, Inc.*, 939 F.3d 105, 109 (2d Cir. 2019) – a ground that does not appear in the FAA and for which there is no Supreme Court imprimatur. *See Barzelatto v. Spire Securities*, LLC, 2019 WL 8889865 at *7 (S.D.N.Y. November 5, 2019) (McMahon, C.J.) (manifest disregard is a "position [that] has been criticized by many, including the Supreme Court . . . and may not be good law."). However, "manifest disregard" does not equate to making an error of law; as this court recently opined, "Arbitrators who get the law wrong, or who issue a decision that is not in accordance with law that would be controlling in a courtroom, do not 'manifestly disregard' it." *Id*. at *8. The Second Circuit's "manifest disregard" doctrine applies only where the arbitrator has committed "some egregious impropriety," *Weiss,* 939 F.3d at 109. – a circumstance that the Court of Appeals has said will be "exceedingly rare." *Id*. Swain identifies no such impropriety on the part of the Arbitrator in this case. He simply argues that she should have ruled that his claims were not time barred because the limitations period was tolled. Assuming *arguendo* that Swain were correct (he is not, but that is of no moment), his argument is simply that the Arbitrator got the law wrong – which is not "manifest disregard." Therefore, the court lacks the power to vacate the award on that basis as well.

The award is confirmed. Swain's cross petition is dismissed.

## II.     Hermès' Petition to Enjoin Swain from Further Litigation is Granted.

Hermès also petitions this court to enjoin Swain from pursuing further litigation against Hermès arising from his employment. "When a plaintiff files repeated lawsuits involving the same nucleus of operative facts, a district court has the inherent power to enjoin him from filing vexatious lawsuits in the future." *Lacy v. Principi*, 317 F. Supp. 2d 444, 449 (S.D.N.Y. 2004). This

authority extends to both federal and state court. *Malley v. N.Y. City Bd. of Educ.*, 112 F.3d 69, 69 (2d Cir. 1997) (per curiam); *Doctor's Assocs., LLC v. Tripathi*, 794 F. App'x 91, 93 (2d Cir. 2019).

> Several factors relevant to deciding whether to impose such an injunction include:
>
> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (citation omitted).

The history of this dispute demonstrates that Swain has an affinity for pursuing vexatious and duplicative litigation. Since this Court compelled the parties into arbitration in late 2016, Swain has filed two motions to reinstate his complaint in New Jersey state court, arguing repeatedly that he is entitled to litigate his claims in court despite this Court's – *and* the Second Circuit's, the New Jersey Superior Court's, and the New Jersey Appellate Division's – conclusion to the contrary.

It is also quite clear that Swain's current motive in continuing to pursue a reinstatement of his state-court complaint is an attempt to avoid complying with the Arbitrator's decision against him. For instance, he filed his second motion to reinstate his complaint before the New Jersey Superior Court on December 23, 2019, less than two weeks after the Arbitrator issued her decision on December 10. This, in turn, has likely caused needless expense to Hermès and incurred additional burdens upon the court system, directly counteracting the goals of the arbitral process.

This Court observed in its 2016 order that it might lack the power to enjoin an action pending in a state court when granting a petition to compel an arbitration. *But see Tripathi*, 794 F. App'x at 93; *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 984–85 (2d Cir. 1996). But the Court

is not without authority to enjoin *Swain* from further litigating against Hermès. While Hermès seemingly did not feel the need to make such a motion until now, it is abundantly clear that, absent such an injunction, Swain is unlikely to cease pursuing such duplicative and frivolous litigation.

Hermès's petition to enjoin Swain is granted. The Court is aware that Swain's second motion to reinstate his complaint before the New Jersey Superior Court was administratively withdrawn through an unopposed motion granted on May 11, 2020 – the stated reason for which was the parties' desire to await the resolution of this proceeding.

Swain is thus enjoined from refiling his motion to reinstate his complaint, and from filing any additional lawsuits against Hermès for claims arising from his employment.

## CONCLUSION

Hermès's petition to confirm the arbitration award and to enjoin Swain from pursuing further litigation against it arising from his employment is GRANTED. Swain's cross petition to vacate the arbitration award is DENIED. The Clerk is directed to enter an order confirming the award in all respects and to close this case.

Dated: September 16, 2020

_____

U.S.D.J.

BY ECF TO ALL COUNSEL